Lealand T. LAWRENCE

v.

STATE of Maine EMPLOYMENT SECURITY COMMISSION, et al.

Supreme Judicial Court of Maine.

Argued June 9, 1981.

Decided July 23, 1981.

Christopher St. John (orally), Pine Tree Legal Assistance, Inc., Portland, for plaintiff.

Peter H. Stewart (orally), Susan P. Herman, Asst. Attys. Gen., Dept. of Manpower Affairs, Augusta, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, ROBERTS and CARTER, JJ.

WERNICK, Justice.

Employee Lealand T. Lawrence has appealed from a judgment of the Superior Court (Cumberland County) which affirmed a decision of the Maine Employment Security Commission disqualifying the employee from unemployment benefits from September 23, 1979 until he had earned $340.00. The ground of the disqualification was that the employee "left his regular employment voluntarily without good cause attributable to such employment." 26 M.R.S.A. § 1193(1)(A).

From August 8, 1979 to September 28, 1979 the employee, Lawrence, was employed on a seasonal basis as a tire changer by United Tire Corporation of Lowell, Massachusetts at the corporation's place of business in Portland. During this time, the employee was often late for work. He was spoken to by the manager regarding his time he was to report for work. After further discussions, employer and employee reached an agreement. In response to the employee's concern that he have time to ensure that his son would catch the morning school bus, the manager allowed the employee to arrive at work five or ten minutes after the time he was normally scheduled to report for work. It was also agreed that the employee would conform to a Company policy requiring employees who could not work on a particular day due to illness to inform the Company promptly. The record shows that prior to September 21, 1979 the employee substantially complied with the above described agreement.

In the week preceding Friday, September 21, 1979, the employee began to feel ill, and on Friday, the 21st he left work early because of illness. The testimony given by the worker was that his condition did not improve over the weekend, and on Monday, the 24th he was too ill to work. He further testified that on the morning of the 24th, he instructed a friend living with him to call his employer and report his illness. According to the employee, his friend told him that

he had placed the call, but the employer's manager denied receiving any notice concerning the reason for the employee's absence. The manager did admit, however, that the message might have been lost at the main office. The employee did not report for work at all on Monday, the 24th.

On Tuesday, feeling better, the employee reported for work on time. Upon arriving at work, he was met by the manager who refused to allow him to work and sent him home. The employee reported for work on Wednesday and Thursday and was sent home each time. On Friday, the 28th the employee again reported for work. He was met by the manager who gave him a notice which stated:

"As of Sept. 28 you will be temporarily laid off until there is more business. Probably around Nov. 1st."

The notice was signed by the manager who had been authorized by Company management in Massachusetts to discharge the employee.

The employee applied for unemployment benefits sometime in October of 1979. A Deputy of the Employment Security Commission decided that the employee was disqualified for benefits from September 23, 1979 until he had earned $340.00, because of "misconduct in connection with his work." See 26 M.R.S.A. § 1193(2).

On November 9, 1979 the employee appealed the deputy's decision to the Commission's Appeal Tribunal. After a hearing the Appeal Tribunal agreed with the Deputy that the employee was disqualified from receiving benefits. The Appeal Tribunal, however, found the employee disqualified not for misconduct under 26 M.R.S.A. § 1193(2) (as the Deputy had decided) but for leaving work voluntarily without good cause attributable to the employment, under 26 M.R.S.A. § 1193(1)(A). The employee appealed the decision of the Appeal Tribunal to the Commission. The Commission affirmed and adopted the decision of the Appeal Tribunal.[1]

1. Pursuant to the employee's appeal to the Commission, the Commission scheduled a hearing for February 1, 1980. The "notice" to the employee, mailed to his last known address, was not claimed, and the employee failed to appear at the hearing. Although the employer

Pursuant to 26 M.R.S.A. § 1194(8), 5 M.R. S.A. § 11001 and Rule 80B M.R.Civ.P., the employee sought review of the Commission's final decision in the Superior Court. The Superior Court denied the appeal and affirmed the Commission's decision.

In his appeal to this Court the employee raises the single issue whether the record contains sufficient evidence to support the conclusion that he "left his . . . employment voluntarily without good cause attributable to such employment." 26 M.R.S.A. § 1193(1)(A).

We sustain the employee's appeal and reverse the Superior Court judgment.

■ We conclude that there is no evidence in the record to support the Commission's determination that the employee left work voluntarily without good cause attributable to the employment. Although the evidence shows that the employee left work on Friday, September 21 due to illness, it is undisputed that he reported for work on the following Tuesday and continued to report for work each day of that following week despite being sent home each day by the employer. The employee stopped coming to work only after he received the notice informing him that he had been temporarily laid off.

It is plain, too, that the employee was discharged from his employment on September 28, 1979. The employer's manager testified that sometime during the week of September 24th he was instructed by the main office in Lowell, Massachusetts to discharge the employee and replace him, and that he gave the employee notice, when he arrived at work on Friday, September 28, that he was "temporarily laid off."

We conclude that the entire evidence in this case is open to only one reasonable interpretation: the employee was discharged from his employment on September 28, 1979. The Commission, therefore, committed an error of law by deciding, contrary to the only rational conclusion the evidence permits, that the employee left

did appear, no further testimony was taken. The Commission based its decision on the rec-

work voluntarily without good cause attributable to the employment. *Paige v. Maine Employment Security Commission*, Me., 391 A.2d 321 (1978).

■ The Commission has urged us, should we—as we do—decide against its determination, to remand the case for further proceedings to allow the Commission to decide whether the employee was guilty of misconduct (as the Deputy had originally held), justifying his being discharged and being disqualified for benefits under the provisions of 26 M.R.S.A. § 1193(2).

We refuse to follow this course. We conclude that the course we should take has been definitively charted in *Dubois v. Maine Employment Security Commission*, 150 Me. 494, 114 A.2d 359 (1955); *see also, Bilodeau v. Maine Employment Security Commission*, 153 Me. 254, 136 A.2d 522 (1957); and *In Re Lefebvre*, Me., 343 A.2d 204 (1975).

In *Dubois*, confronting circumstances identical to those of the case at bar, this Court made plain that the Commission must decide all issues raised by the evidence and that its failure to do so will not be remedied by a remand unless exceptional circumstances are present. We said:

"We can conceive of cases in which a manifest lack of essential evidence might make such a remand essential, but we would be most reluctant to lend encouragement to any form of procedure which might tend to produce piecemeal judicial review and an unnecessary duplication of costly and time-consuming litigation. The Commission has a duty to determine all of the issues which are properly and adequately raised by the evidence in order that one judicial review may effectively terminate the case. In the instant cases, the Commission had sufficient evidence before it upon which to make a determination of 'availability.' If it desired further investigation or corroboration, it had ample opportunity and facilities for procuring the same." *Dubois v. Maine Employment Security Commission*, supra, 150 Me. at 504, 114 A.2d at 364–5.

ord made before the Deputy and the Appeal Tribunal.

The case at bar is a particularly appropriate one for the application of the *Dubois* determination that a remand should not be ordered when the Commission had full opportunity in its original proceeding to address and decide the issue it now requests the opportunity to decide on remand. In the case before us the Commission was alerted, by reason of its Deputy's utilization of the discharge for misconduct provision as the basis for disqualification, that the misconduct issue was present in the case. Despite such notice, the Commission chose to avoid addressing the issue. For the reasons stated in *Dubois* we find no sound basis to allow the Commission to have a second opportunity to deal with the issue of misconduct.

The entry shall be:

Appeal sustained; the judgment of the Superior Court is reversed; case remanded to the Superior Court for entry of judgment that the employee Lealand T. Lawrence is entitled to unemployment benefits as claimed by him.

All concurring.