Dorothy L. BROOKING

v.

MAINE EMPLOYMENT SECURITY
COMMISSION.

Supreme Judicial Court of Maine.

Argued June 11, 1982.

Decided Aug. 27, 1982.

Sunenblick, Fontaine & Reben by Donald F. Fontaine (orally), Portland, for plaintiff.

Peter H. Stewart, Asst. Atty. Gen. (orally), Augusta, for defendant.

Before McKUSICK, C.J., ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

DUFRESNE, Active Retired Justice.

Dorothy L. Brooking appeals from a judgment of the Superior Court, Cumberland County, which affirmed a decision of the Maine Employment Security Commission disqualifying her for unemployment compensation benefits from August 31, 1980 and until she had earned $368 in employment by an employer. The disqualification was based on a finding that the claimant voluntarily left her employment without good cause attributable to such employment within the meaning of 26 M.R.S.A. § 1193(1)(A) (Supp. 1981). We sustain the appeal and reverse the judgment below.

Ms. Brooking was a kitchen worker for Carbur's Unlimited. From May 1979 through February 1980 she worked in Carbur's Portland restaurant; she was then transferred to Carbur's Auburn restaurant.[1] In late July or early August, 1980, Ms. Brooking submitted her resignation, effective August 31, because she did not like to commute from Portland to Auburn. She began training a replacement worker for her position in the kitchen of Carbur's Auburn restaurant. Shortly after submitting her resignation, and while still working in the Auburn restaurant, she negotiated with Richard McNeil, owner of Carbur's, and David Gooch, manager of the Portland restaurant, regarding a position in the Portland restaurant. On or about August 14, Ms. Brooking was offered and accepted a position as a bartender in the Portland restaurant. She understood that she would start sometime after September 6. She then went on a vacation from August 15 through August 25. On August 26 she went to the Portland restaurant and spoke with Mr. Gooch, who wanted her to start earlier than originally contemplated. She agreed to start on September 2, the day after Labor Day. Later that day, still in the Portland restaurant, Ms. Brooking was chatting with fellow employees when Gooch heard her say that she had plans to go to a

1. The Commission found that the two restaurants were part of the same employing unit for purposes of the Employment Security Law. This finding is not at issue in this appeal.

concert on September 1. Gooch then told her she had to start work on September 1. She refused, remarking sarcastically that there were plenty of other jobs available for her. (She contends that she said this in response to a remark by Gooch that if she would not work on September 1, there were three other employees in line for her job.) Mr. McNeil was also present at this altercation. Ms. Brooking went back to her work in Auburn. The following day, August 27, Gooch called her to tell her that she would have no job at the Portland restaurant. Though she was scheduled to work in Auburn through August 31, she did not report on the last day because she was upset at what she considered her employer's shabby treatment of her.

The Employment Security Commission's deputy denied Ms. Brooking benefits as noted previously. The appeal tribunal affirmed the deputy; the Commission affirmed the appeal tribunal; and the Superior Court affirmed the Commission.

 The parties agree that if an employee resigns because he or she does not like to commute between home and work or is unwilling to undertake the expense of such a commute, the resignation should be considered voluntary and without good cause attributable to the employment. *Toothaker v. Maine Employment Security Commission,* Me., 217 A.2d 203 (1966). The efficacy of such a resignation is not affected by the passage of some period of time between the submission of the resignation and the employee's departure from the job

pursuant to it. *Guy Gannett Publishing Co. v. Maine Employment Security Commission,* Me., 317 A.2d 183, 187 (1974). In this case, if Ms. Brooking had not been rehired for work at Carbur's Portland restaurant, and the sole factual situation was that she had left her employment at Carbur's Auburn restaurant pursuant to the resignation she tendered in late July or early August of 1980, the Commission could correctly have found that she was not entitled to compensation.[2]

However, there were intervening events. In *Guy Gannett Publishing Co., supra,* we observed that a notice of resignation may be nullified if the employer chooses to rehire the employee or accepts a retraction of the notice. Here, the employer rehired the employee. The Commission found, on the basis of the evidence before it, that Ms. Brooking and her employer agreed that she would remain with Carbur's, working as a bartender in the Portland restaurant.

 On appeal, the Commission argues that the rehiring of Ms. Brooking should not annul her previous resignation, because she would have been working in a different city and would have had substantially different responsibilities; also, that the new agreement was not enforceable as a matter of contract law, because it did not specify Ms. Brooking's compensation.[3] These arguments miss the point. The relevant fact is that the employee and the employer agreed that Ms. Brooking would continue working for Carbur's rather than resigning. A mu-

---

**2.** The Commission devoted considerable attention to that part of 26 M.R.S.A. § 1193(1)(A) which provides that an employee will not be disqualified from compensation if he shows that "he left employment in good faith and accepted new employment on a permanent full-time basis and he became separated from the new employment for good cause attributable to employment with the new employing unit." The Commission proposed criteria for interpreting this clause and ruled that the criteria had not been met. The Commission's ruling on this point is not the subject of this appeal.

**3.** We think it highly unlikely that this employment agreement would have been unenforceable for vagueness as the Commission claims. If compensation for services is not stated, a

reasonable value will be inferred. *Corthell v. Summit Thread Co.,* 132 Me. 94, 99, 167 A. 79, 81, 92 A.L.R. 1391 (1933). In this case, it can reasonably be assumed that Ms. Brooking would have received the going rate for Carbur's bartenders. (The understanding was that she would also work part-time in the kitchen; so, her compensation would have been some reasonable apportionment between the two duties.) The court is not disposed, especially in an unemployment compensation case, to find an agreement of rehiring vague, indefinite and unenforceable, when such agreement was actually precise and clear to the parties. *See Towne v. Larson,* 142 Me. 301, 305, 51 A.2d 51, 53 (1947).

tual understanding was reached for her employment at the Portland restaurant. The resignation had no effect as to that employment. However, the Commission's conclusion below that Ms. Brooking's employment status was not affected by the subsequent agreement for employment of Ms. Brooking at the Portland restaurant was an error of law.

 The Commission in its decision also indicated its belief that, regardless of the effect of the agreement to work in Portland and the employer's repudiation of that agreement, Ms. Brooking's final departure from her job in Auburn constituted a renewal of her resignation. We disagree. Ms. Brooking's resignation from her employment at Carbur's Auburn restaurant had been unconditionally accepted when the parties agreed that on September 2, 1980, her employment with Carbur's would be at the Portland establishment. The fact that her employment in Auburn was to continue beyond the date of the acceptance of her resignation was immaterial. Ms. Brooking had already trained her replacement in Auburn. After August, she had no job with Carbur's, none in Portland, because she had been discharged from employment there, and none in Auburn, because that job, having been filled, was no longer available. The Commission's ruling that Ms. Brooking's final departure from her Auburn job on August 30, 1980, "amounted to a renewal of the resignation," was error of law.[4]

 The Commission further urges that Ms. Brooking was discharged for misconduct and therefore, under 26 M.R.S.A. § 1193(2) (Supp. 1981), not entitled to compensation. From the record it is clear that Ms. Brooking was discharged not for refusing to work on September 1, but for her remark in the presence of other employees that there were plenty of other jobs available to her. Both Gooch and McNeil so testified, and Gooch indicated that it might have been possible to adjust the starting date to fit Ms. Brooking's desires, had she shown a better attitude.

The record at the administrative level fully placed at issue the employer's possible claim that the employee's discharge was for misconduct. Ms. Brooking argued before the Commission and before the Superior Court alternatively, 1) that she had been wrongfully discharged, in other words, that she was not guilty of any misconduct connected with her work which would have disqualified her for benefits within the meaning of 26 M.R.S.A. § 1193(2), or 2) if her resignation from the Auburn job were to be viewed as renewed and effective following the employer's withdrawal of her rehiring for work at the Portland restaurant, that she would not be disqualified for benefits within the meaning of 26 M.R.S.A. § 1193(1)(A), because she did not leave that employment without good cause attributable to such employment since she had, as she claims, good cause to leave. Thus, the parties had submitted evidence from which it was the duty of the Commission and the Superior Court to decide whether Ms. Brooking's employment termination at Carbur's was a voluntary quit on her part or a wrongful discharge on the part of her employer.[5]

---

4. The Commission in its decision relied on a statement taken from Ms. Brooking by the Commission's deputy. The employee contends that the statement is inaccurate, and at the hearing before the Commission's appeal tribunal the employee's counsel offered to produce testimony showing the statement's inaccuracies. The hearing examiner assured counsel that the statement was not part of the record and would not become part of the record. Counsel accordingly did not attempt to impeach its evidentiary value.

Under these circumstances, it was wrong for the Commission to rely on the statement. An administrative agency may not rely for decision on material not of record. 5 M.R.S.A. § 9059(4). The purpose of this rule is to give a party the opportunity to explain adverse evidence. *Public Utilities Commission v. Cole's Express,* 153 Me. 487, 497–500, 138 A.2d 466, 472–73 (1958). Here, the Commission's actions deprived the employee of that opportunity.

5. This distinguishes the instant case from *Kilmartin v. Maine Employment Security Commission,* Me., 446 A.2d 412 (1982) (where only the issue of "good cause" for leaving her job was raised at the Superior Court level).

The Commission cannot raise for the first time on appeal the question of discharge for misconduct to justify its decision below disqualifying Ms. Brooking for benefits on the sole basis of her voluntary leaving of her employment without good cause attributable to such employment. By not deciding the obvious possible issue, argued by the employee, that she was not guilty of any misconduct connected with her work, but was wrongfully discharged by her employer, that issue has now been lost, as we will not remand for findings thereon. This same situation was presented to us in *Lawrence v. Maine Employment Security Commission,* Me., 432 A.2d 790 (1981). In that case, as here, the Commission had ruled that the employee had left his employment voluntarily without good cause attributable to the employment. We held the ruling to be erroneous. As here, the Commission requested that the case be remanded for a determination of misconduct. We declined, saying that "the Commission must decide all issues raised by the evidence and . . . its failure to do so will not be remedied by a remand unless exceptional circumstances are present." 432 A.2d at 792. Remanding in this situation, we said, would encourage "piecemeal judicial review and an unnecessary duplication of costly and time-consuming litigation." *Id., quoting DuBois v. Maine Employment Security Commission,* 150 Me. 494, 504, 114 A.2d 359, 364–65 (1955). We noted that there might be cases in which "a manifest lack of essential evidence might make such a remand essential," *id.,* but *Lawrence* was not such a case, nor is this one. McNeil and Gooch by their testimony amply raised the issue of misconduct. The issue was not decided, and is now closed.

Accordingly, the entry will be as it was in *Lawrence:*

Appeal sustained.

The judgment of the Superior Court is reversed.

The case is remanded to the Superior Court for entry of judgment that the claimant, Dorothy L. Brooking, is entitled to unemployment compensation benefits as claimed by her; the Superior Court to remand the case, in turn, to the Employment Security Commission, for the Commission to vacate its original order therein and to reinstate the claimant's eligibility for benefits.

All concurring.