Kim McBREARITY,

v.

**MAINE UNEMPLOYMENT INSUR-
ANCE COMMISSION, et al.**

Supreme Judicial Court of Maine.

Argued June 3, 1987.
Decided July 31, 1987.

Donald F. Fontaine, Nancy Henry (oral-
ly), Henry & Johnson, Portland, for plain-
tiff.

Pamela Waite, L. Louise Smith (orally),
Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and
NICHOLS, ROBERTS, GLASSMAN,
SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Kim McBrearity, a wood chopper former-
ly employed by MacDonald Logging, Inc.
(the corporation), appeals from a judgment
of the Superior Court, Aroostook County,
affirming a decision of the Maine Unem-
ployment Insurance Commission disqualify-
ing him from receiving unemployment com-
pensation benefits. The commission deter-
mined that McBrearity voluntarily left the
corporation without good cause attributa-
ble to his employment within the meaning
of 26 M.R.S.A. § 1193(1)(A) (Supp.1986).
Because we conclude that McBrearity did
not leave his employment voluntarily, we
vacate the Superior Court judgment.

I.

The corporation is in the business of har-
vesting wood. McBrearity was employed
as a chopper for the corporation in Lee
from September 1, 1985 to January 8, 1986.
Bobby Lee Hafford, a skidder operator,
was an employee of the corporation during
the relevant time period. Hafford owned
his own skidder. The corporation's prac-
tice was to allow skidder operators to
choose their own choppers. Skidder opera-

tors who owned their own skidders, like Hafford, were not required to work with a chopper, but were encouraged to do so. Sometime prior to September 1985 Hafford asked McBrearity to work with him as a chopper. Hafford believed that he had the authority to hire and lay off choppers who would work with him. McBrearity also believed that Hafford had such authority. In response to Hafford's offer, McBrearity traveled to the job site with Hafford. McBrearity and Hafford entered the corporation's office and McBrearity filled out tax and insurance forms. The company president, Alexander MacDonald, although present, had little or no discussion with McBrearity during this hiring process. The parties agree, however, that the corporation, not Hafford, was McBrearity's employer.

On January 8, 1986 Hafford laid off McBrearity because Hafford could make more money working alone on the particular section of woods he had been assigned to harvest by the corporation's foresters. McBrearity accordingly left the job site that day. MacDonald apparently first heard about McBrearity's departure when Hafford, on the day of the discharge, came into his office and told him, erroneously, that McBrearity had quit. After McBrearity filed for unemployment benefits, MacDonald became aware that Hafford had actually discharged McBrearity. He then told Hafford that Hafford had no authority to hire or fire the corporation's employees. McBrearity had no subsequent contact with MacDonald about the possibility of other chopper positions being available with the corporation.

On January 14, 1986 McBrearity applied for and was awarded unemployment benefits in the amount of $71 per week based on lack of work. In his application for benefits, McBrearity stated that he had been discharged. The corporation appealed and the appeal tribunal reversed the deputy's decision. McBrearity appealed to the commission. The commission unanimously affirmed the appeal tribunal's decision. A critical element of the commission's reasoning is as follows:

[T]he employer had sole authority to hire, terminate or lay off employees, nor did the employer delegate such authority to the skidder operator. Thus, when the claimant was told by the skidder operator that he was no longer needed, the skidder operator had no authority to discharge him. Therefore, the claimant was not discharged. Nor did the employer at any time discharge the claimant.

The commission determined that McBrearity left his job voluntarily. McBrearity sought direct judicial review in the Superior Court and the court affirmed the commission's decision.

## II.

■ McBrearity's central argument on appeal is that the commission should have considered and applied the common law doctrine of "apparent authority" to the facts of this case. If the commission had correctly applied the doctrine, argues McBrearity, it would have been compelled to find that Hafford had the apparent authority to discharge McBrearity. While we agree with McBrearity that the record does not support a finding that he left his job voluntarily, that conclusion need not be and is not based on the common law concept of "apparent authority." Rather, we conclude simply that the record compels a finding that it was reasonable under all the circumstances for McBrearity to rely on Hafford's representation that he was discharged.

The commission's findings fully support the view that McBrearity left the corporation involuntarily. The commission found as a fact that Hafford discharged McBrearity. The fact that Hafford did not have the actual authority to discharge McBrearity does not alter the essential reasonableness of McBrearity's view that he had been discharged. Neither the commission nor the employer generated any evidence that McBrearity should not have believed Hafford when Hafford told him he was no longer needed. All of the undisputed circumstances surrounding McBrearity's employment with the corporation suggest that Hafford, not MacDonald, hired, supervised and discharged McBrearity. Hafford ap-

proached McBrearity about working for him as a chopper. Hafford brought McBrearity down to the work site and had him fill out tax and insurance forms. Hafford directly supervised McBrearity's work. McBrearity never had any contact with MacDonald. Absent some evidence and findings based on that evidence that McBrearity should not have relied on Hafford, it was clear error for the commission to conclude that McBrearity left the job site voluntarily. *Cf. Tobin v. Maine Employment Sec. Comm'n*, 420 A.2d 222, 226 (Me.1980) (initial burden on commission to place on administrative record evidence uniquely within commission's ability to generate).

■ Finally, we reject the commission's view that McBrearity should have approached MacDonald about other employment with the company after being discharged by Hafford and that this failure to approach MacDonald contributed to the voluntariness of McBrearity's departure. Even if section 1193(1)(A) imposed such a requirement on an employee in this context, which it does not, we conclude that, given the circumstances surrounding McBrearity's employment with the corporation, McBrearity could have reasonably assumed that further contact with MacDonald would have been futile.

No other issues raised by McBrearity need be addressed.

The entry is:

Judgment vacated.

Remanded to the Superior Court for remand to the Maine Unemployment Insurance Commission with instructions to remove McBrearity's disqualification for benefits and to reinstate his eligibility for those benefits.

NICHOLS, GLASSMAN and SCOLNIK, JJ., concur.

CLIFFORD, Justice, with whom McKUSICK, Chief Justice, joins, dissenting.

I respectfully dissent.

The commission found that McBrearity left his employment voluntarily without good cause attributable to such employ-ment and that his failure to notify the corporation and to inquire of the corporation as to the availability of other work was unreasonable. These findings were based on the commission's determination that Hafford had no authority to discharge McBrearity. If in fact Hafford had no such authority, the commission's conclusion that McBrearity's conduct was unreasonable is not clearly erroneous.

However, neither the commission nor the court has addressed whether Hafford had apparent authority to fire McBrearity, which I consider to be the crucial issue in this case. Apparent authority exists in the absence of actual authority when the principal knowingly permits the agent to exercise authority or holds out the agent as possessing authority. The conduct of the principal must lead the third person to believe that a given party is his agent. *Twin Island Development Corp. v. Winchester*, 512 A.2d 319, 325 (Me.1986); *Restatement (Second) of Agency* §§ 8, 27 (1958).

The commission found that Hafford did purport to fire McBrearity and that McBrearity believed that he had been fired. If Hafford had apparent authority to discharge McBrearity, then it was reasonable for McBrearity to rely on that discharge and not to take further steps to protect his employment. Although there is much evidence in the record suggesting that Hafford had apparent authority to hire and fire McBrearity, we cannot conclude as a matter of law that such apparent authority existed.

I recognize that the commission has the obligation to decide all the issues raised by the evidence, and this court normally will not remand to the commission to remedy its failure to address issues raised before it. *Lawrence v. State Employment Security Comm'n*, 432 A.2d 790, 792 (Me. 1981); *Dubois v. Maine Employment Security Comm'n*, 150 Me. 494, 504, 114 A.2d 359, 364–65 (1955). However, those cases recognize that in exceptional circumstances, remand can be appropriate. *Lawrence*, 432 A.2d at 792. I believe such exceptional circumstances exist here. First, apparent

authority is a difficult issue rarely present in employment security cases and the failure of the commission to address it is more understandable than if the issue were one with which it dealt frequently. Second, and more importantly, apparent authority is so crucial an issue in this case that it must be addressed in order that the case be decided correctly. The failure of the commission to address that issue really results in an inadequate record before this court. *See Roy v. Maine Employment Security Comm'n,* 440 A.2d 1066, 1069 (Me.1982).

I would remand this case to the commission for a determination whether Hafford had the apparent authority to discharge McBrearity.