1997 ME 31

**Brian SMART**

v.

**MAINE UNEMPLOYMENT INSURANCE COMMISSION.**

Supreme Judicial Court of Maine.

Submitted on briefs Feb. 14, 1997.
Decided Feb. 28, 1997.

Wayne Foote, Foote & Temple, Bangor, for plaintiff.

Andrew Ketterer, Attorney General and Pamela W. Waite, Asst. Atty. General, Augusta, for defendant.

CLIFFORD, Justice.

[¶ 1] Brian Smart appeals from the judgment entered in the Superior Court (Penobscot County, *MacInnes, A.R.J.*), affirming the decision of the Maine Unemployment Insurance Commission (Commission) disqualifying him for unemployment benefits. The disqualification was based on a finding that the claimant voluntarily left his employment without good cause attributable to his employment within the meaning of 26 M.R.S.A. § 1193(1)(A) (Supp.1996). On appeal, Smart contends that the Commission erred in determining that he voluntarily left work. We disagree and affirm the judgment.

[¶ 2] Smart worked as a line cook at the Governor's Restaurant in Old Town from February 16, 1994, until July 9, 1995. On July 2, 1995, Smart informed his employer that he was leaving his employment in two weeks to accept a job in Florida. The employer accepted Smart's verbal notice of resignation. Smart was scheduled to work and did so during the next week. Although the employer scheduled Smart the same days for week of July 10th, after reviewing this schedule, Smart told his employer that he could not work on either Saturday or Sunday of that week. Saturday and Sunday were generally the busiest two days at the restaurant. Consequently, the employer removed Smart from the schedule entirely and did not pay Smart for the second week of the notice period.

[¶ 3] Pursuant to 26 M.R.S.A. § 1194(1) (1988), Smart applied for unemployment benefits on July 17, 1995, and the restaurant contested the claim. The deputy disqualified him for benefits and found that Smart had "left his regular employment voluntarily on 07/09/95 in hopes of relocating to Florida for a potential job opportunity," and stated that the "circumstances leading to the claimant's separation were not caused by the employment and were beyond the responsibility and control of the employer." 26 M.R.S.A. § 1194(2) (1988). Smart appealed to the Division of Administrative Hearings. 26 M.R.S.A. § 1194(2). The Division determined that Smart was discharged but not for misconduct connected with his work under 26 M.R.S.A. §§ 1193(2) and 1043(23). Smart was granted unemployment benefits from July 16, 1995.

[¶ 4] The employer appealed this decision to the Commission. 26 M.R.S.A. § 1194(3) (1988). The Commission reversed the decision of the administrative hearing officer and concluded that Smart had voluntarily left his employment without good cause attributable to the employment. Smart was denied unemployment benefits, and an overpayment of $2,250.00 was established for the benefits he had received until that date. Smart appealed the Commission's decision to the Superior Court pursuant to 26 M.R.S.A. § 1194(8) (Supp.1996) and 5 M.R.S.A. §§ 11001–11008 (1989). The court affirmed the Commission's decision on the grounds that it was supported by the record and correct as a matter of law. Smart then appealed.

[¶ 5] Smart contends that the plain language of the statute demonstrates that he did not voluntarily leave work. Smart argues that he was terminated during the week of July 9, 1995, and that the employer's actions in terminating his employment preclude a finding that he left "voluntarily." The Commission contends that its decision that Smart left his employment voluntarily without good cause is supported by the record. The voluntary nature of Smart's resignation, it contends, does not change unless an intervening event, such as the employer's acceptance of a retraction of that resignation or rehiring him, occurred.

[¶ 6] When the Superior Court reviews the decision of the Commission, we review the Commission's decision directly. *Spear v. Maine Unemployment Ins. Comm'n,* 505 A.2d 82, 83 (Me.1986). We examine the record not only to determine whether competent evidence exists to support the Commission's findings, but also to determine whether the Commission has correctly applied controlling law. *Brousseau v. Maine Employment Sec. Comm'n,* 470 A.2d 327, 329 (Me.1984).

[¶ 7] The Commission determined that Smart voluntarily left his employment pursuant to 26 M.R.S.A. § 1193(1)(A) (Supp. 1996).[1] Within the context of 26 M.R.S.A. § 1193(1)(A), a claimant leaves employment "voluntarily" only when he freely makes an affirmative choice to do so. *Brousseau v. Maine Employment Sec. Comm'n,* 470 A.2d at 330. Chapter 18 of the Rules Governing Administration of the Employment Security Law defines discharge as a "termination of the employer-employee relationship which is initiated by the employer...." In this case, that Smart intended to leave his job is clear. The only question is whether the employer's decision to remove Smart from the schedule one week before the end of his notice period converted his resignation into a discharge. Because the Commission's determination that Smart's voluntary departure was not altered by the employer's decision to remove him from the schedule is not clearly erroneous we affirm the Superior Court's affirmation of the Commission's decision.

[¶ 8] The Commission found no intervening event that would justify converting Smart's unequivocal resignation into a discharge. *See Brooking v. Maine Employment Sec. Comm'n,* 449 A.2d 1116, 1118 (Me. 1982) (the rehiring of an employee at a second restaurant constitutes an intervening event that overrides employee's original resignation); *Gannett Publishing Co. v. Maine Employment Sec. Comm'n,* 317 A.2d 183, 187

(Me.1974) (resignation is an unconditional event that cannot be altered unless the employer rehires employee or accepts retraction of notice). Smart was scheduled to work during the final week of his notice period but refused to work for the two busiest of his last six scheduled days. As a result, the employer determined that it was in its best interest to remove Smart from the work schedule one week prior to the end of his notice period. The Commission's determination that the employer's action was a reasonable and sound business decision and did not alter the legal significance of Smart's earlier resignation is not clearly erroneous.

[¶ 9] Finally, the Commission's finding that Smart left his employment without good cause is supported by the record. *See Smith v. Maine Employment Sec. Comm'n,* 440 A.2d 1037, 1039 (Me.1982) (mere dissatisfaction with one's wages and benefits does not constitute good cause). The voluntary leave disqualification of 26 M.R.S.A. § 1193(1)(A), therefore, prohibits Smart from receiving benefits.

The entry is:

Judgment affirmed.

---

1. 26 M.R.S.A. § 1193(1)(A) provides in pertinent part:

   § 1193 Disqualification

   An individual shall be disqualified for benefits:

   1. Voluntarily leaves work.

   A. For the week in which the claimant left regular employment voluntarily without

good cause attributable to that employment. The disqualification continues until the claimant has earned 4 times the claimant's weekly benefit amount in employment by an employer.