STATE OF MAINE  
ANDROSCOGGIN, ss.

SUPERIOR COURT  
Docket No. AP-10-18  
MGK - AND- 6/26/20.

MOHAMED IBRAHIM,

Petitioner

v.

**DECISION AND ORDER**

UNEMPLOYMENT INSURANCE  
COMMISSION, STATE OF MAINE

Defendant

Petitioner Mohamed Ibrahim appeals from the decision of the Maine Unemployment Insurance Commission, denying him unemployment benefits, based on the Commission's majority determination that he voluntarily left his employment without good cause attributable to his employment.

BACKGROUND

Mr. Ibrahim is originally from Somalia and speaks fluent Somali, but only limited English. Mr. Ibrahim worked as a dishwasher for his employer, the Harraseeket Inn, from 2006 until November 26, 2009. On November 26, 2009, a busy Thanksgiving Day at the restaurant, Mr. Ibrahim and his co-worker were caught up with the dishes at their dishwashing station. Because another dishwashing station had an accumulation of dirty dishes, Mr. Ibrahim's supervisor had some of the dishes brought up to Mr. Ibrahim's station. A disagreement then arose between Mr. Ibrahim and his supervisor. During the argument there was a lack of clear communication between the two due to the language barrier. The supervisor ended the argument by speaking to Mr. Ibrahim in a raised voice and telling him to go back to work. Mr. Ibrahim, believing that the supervisor had told him to go home, left the restaurant.

Mr. Ibrahim subsequently applied for unemployment benefits, a request that was denied by both the deputy and the Division of Administrative Appeals. Mr. Ibrahim appealed to the Unemployment Insurance Commission, which affirmed the Division's denial of benefits, concluding that Mr. Ibrahim left his work voluntarily and without good cause associated with his employment. Mr. Ibrahim now appeals to this court pursuant to Rule 80C.

## DISCUSSION

When acting as an appellate body pursuant to M.R. Civ. P. 80C, the court directly examines the record before the agency and reviews its decision for errors of law, findings not supported "by substantial evidence on the whole record," or other indications that the decision was "[a]rbitrary or capricious or characterized by abuse of discretion." 5 M.R.S. § 11007(4)(C) (2011). The court generally gives "great deference to the Commission's interpretation of its own regulations." *Farley v. Maine Unemployment Ins. Comm'n*, 624 A.2d 1233, 1234 (Me. 1993).

Maine's Employment Security Law disqualifies a claimant from receiving unemployment benefits if "the claimant left regular employment voluntarily without good cause attributable to that employment." 26 M.R.S. § 1193(1)(A) (2009). "Good cause for voluntarily resigning exists when 'the pressure of real not imaginary, substantial not trifling, reasonable not whimsical, circumstances compel the decision to leave employment.'" *Spear v. Maine Unemployment Ins. Comm'n*, 505 A.2d 82, 84 (Me. 1986) (citing *Merrow v. Maine Unemployment Ins. Comm'n*, 495 A.2d 1197, 1201 n.2 (Me. 1985) (noting "[g]ood cause must be measured against a standard of reasonableness under all the circumstances"). Accordingly, the court "use[s] an objective test to determine whether an employee has good cause to leave [his] employment." *Id.* (citing *Therrien v. Maine Employment Security Comm'n*, 370 A.2d 1385, 1389 (Me. 1977) (noting

2

that the objective standard is used because "cases can be easily imagined where an employee's behavior is in fact grounded upon some sincere but irrational belief").

In this case, the Commission found that Mr. Ibrahim left his job because he misunderstood his supervisor's statement, telling him to go back to work, to mean, "go home," and that he was fired. Despite finding that Mr. Ibrahim truly did believe he was fired, the Commission concluded that he left voluntarily because the supervisor's "testimony [was] credible that she repeatedly instructed the claimant to return to work." (Commission Decision at 4.). The Commission also concluded that Mr. Ibrahim's decision was "hasty and made in anger," and that he had no cause to complain about the working conditions, and even if he had, he did not give his employer a chance to correct any potential issue, therefore, Mr. Ibrahim's reasons for leaving the job did not constitute good cause attributable to his employment. (*Id.*)

"[I]n the context of 26 M.R.S.A. § 1193(1)(A), an individual leaves work 'voluntarily' only when freely making an affirmative choice to do so." *Brousseau v. Maine Employment Sec. Comm'n*, 470 A.2d 327, 330 (Me. 1984); *see also Snell v. Maine Unemployment Ins. Comm'n*, 484 A.2d 609, 610 (Me. 1984) (noting that "voluntary" is defined "as freely making an affirmative choice to leave work") (internal citations omitted). Therefore, the court concludes that where it is found, as a matter of fact, that a claimant left his employment due to a reasonable belief that he was fired, he cannot also be found to have voluntarily left his employment. *See McBrearity v. Maine Unemployment Ins. Comm'n*, 529 A.2d 326, 327 (Me. 1987) (finding that where a Petitioner relied upon his faulty understanding that his co-worker had the authority to fire him, when in fact the co-worker did not have such authority, the Petitioner was reasonable in his assumption that he was fired, and therefore did not voluntarily leave his employment).

3

Because the Commission erred in finding that Mr. Ibrahim voluntarily left his employment without good cause, the decision of the Commission is vacated.

The entry is:

> The decision of the Unemployment Insurance Commission is vacated. Remanded to the Commission for further proceedings consistent with this Decision and Order.

DATED: 6/20/11

MaryGay Kennedy
Superior Court Justice

4

Date Filed __12-3-10__ __Androscoggin__ Docket No. __AP-10-18__
                              County

Action __80C Appeal__


MOHAMED IBRAHIM                          MAINE UNEMPLOYMENT INSURANCE COMMISSIO

                              vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Matthew Schaefer, Esq.<br>P.O. Box 3070<br>Lewiston, ME  04243 | Elizabeth Wyman, Esq.<br>Office of Attorney General<br>6 State House Station<br>Augusta, ME  04333 |

| Date of Entry | |
|---|---|
| **2010**<br>Dec 6 | Received 12-03-10:<br>80C Petition for Review of Final Agency Action with Summary Sheet and Entry of Appearance of Matthew Schaefer, Esq. |
| Dec 13 | Received 12-10-10:<br>Entry of Appearance of Elizabeth Wyman, Esq. for Maine Unemployment Insurance Commission filed. |
| **2011**<br>Jan 5 | Received 01-03-11:<br>Administrative Record filed. |
| "    " | On 01-05-11:<br>Notice and Briefing Schedule filed.<br>Petitioner's Brief is due on or before February 14, 2011.<br>Copies to counsel on 1-5-11. |
| Feb 16 | Received 02-14-11:<br>Petitioner's Brief filed. |
| Mar 24 | Received 03-18-11:<br>Appellee's brief filed. |
| Apr 6 | Received 04-04-11:<br>Petitioner's Reply Brief filed. |
| May 11 | On 05-11-11:<br>Case setfor hearing on June 8, 2011 at 9:00 a.m.<br>Notice sent to parties on 5-11-11. |
| June 9 | On 06-08-11:<br>Hearing held on 80C Appeal.  Matter taken under advisement.<br>Kennedy, J. Presiding, Tape 391 Index 1060-1462, Matthew Schaefer, Esq. for the Plaintiff and Elizabeth Wyman, Esq. for the defendant. |